UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FOUAD KAWASS,

    PLAINTIFF,

V.                                            HON. _____

DEMATIC, CORP. and                  CASE NO. _____
AEROTEK, INC.,

    DEFENDANTS

_____/
Nanette L. Cortese (P43049)
The Cortese Law Firm, PLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248)593-6933 / (248)593-7933
ncortese@thecorteselawfirm.com
_____/

## PLAINTIFF'S COMPLAINT & JURY DEMAND

NOW COMES the Plaintiff, Fouad Kawass, by and through his attorneys The Cortese Law Firm, PLC, and for this his Complaint and Jury Demand states as follows:

## I
## JURISDICTIONAL AVERMENTS

1. Plaintiff, Fouad Kawass, is currently a resident of the State of Wisconsin and during relevant time periods for this cause of action resided in Portage, Michigan.

2. Defendant, Dematic, Corp. ("Dematic"), is a foreign corporation incorporated in the State of Delaware.

3. Defendant, Aerotek, Inc. ("Aerotek"), is a foreign corporation incorporated in the State of Maryland.

4. Plaintiff, Fouad Kawass was employed by Aerotek, Inc., a staffing agency and was assigned to Dematic, which functioned as a dual employer.

5. Plaintiff has brought this action within ninety (90) days of receiving a Right to Sue letter from the EEOC.

6. This action arises under Federal Law and jurisdiction is conferred upon this Court under 28 U.S.C. 1331 and this Honorable Court has subject matter jurisdiction since this case presents a federal question. Further, there is diversity jurisdiction since all parties are citizens of different states. Venue is appropriate since Plaintiff was initially assigned to Dematic's location in Grand Rapids in the Western District of Michigan and resided in the Western District during relevant time periods for this action.

## II
## FACTUAL AVERMENTS

7. Plaintiff re-alleges and reaffirms the paragraphs above as if fully set forth herein, word-by-word and paragraph-by-paragraph.

8. Fouad Kawass is an engineer who is a Muslim-American of Lebanese and Indian background.

9. Fouad Kawass had been assigned by a Recruiter to Dematic through a staffing agency, Aerotek.

10. Fouad Kawass was subject to comments while employed at Dematic regarding his national background/race/religion. These comments included, but were not necessarily limited to: being subject to a comment from an Engineer named Robert who said at a lunch with other people from the company present, that Robert had been told while he was in Iraq that "you guys f…k goats". The engineer Richard Olmstead, who functioned as Mr. Kawass' supervisor/manager on-site was present when the comment was made. Fouad Kawass was also subject to a discussion by co-employees regarding the war in Iraq. Fouad Kawass was also subject to a comment from Brian McConnell of Dematic, when Mr. Kawass told him it had taken him awhile to find a job, to the effect of "do you know why

it's been taking you so long, it's because you're Arab. I know how Americans think because they watch TV." Fouad Kawass was also advised by his supervisor, Richard Olmstead, to be careful talking with women at the customer worksite because he might have a racist supervisor and that to be on the safe side he should just be professional.

11. Fouad Kawass also experienced that it was very difficult to get assistance and training from his supervising engineer, Richard Olmstead.

12. Fouad Kawass also has a qualifying disability, which is vision problems, which he made a Manager aware of, which makes it easier for him to view items on a cell phone versus a desktop or laptop computer.

13. While Mr. Kawass was on assignment for Dematic in Alabama, Mr. Kawass sustained an injury at the jobsite to his head resulting in a concussion. Mr. Kawass continued to experience headaches from this concussion. A claim was submitted through workers compensation for Mr. Kawass' injury. Mr. Kawass, valuing his employment with Dematic, went back to work on December 13th, 14th and 17th, after the injury happened on December 9th, 2018. Mr. Kawass requested to be able to take December 18, 2018 off in order to be able to see his doctor. Dematic terminated his employment on December 18, 2018.

14. Fouad Kawass is also owed unreimbursed expenses.

## COUNT I

## VIOLATION OF THE MICHIGAN CIVIL RIGHTS ACT

## DEMATIC CORP. AND AEROTEK, INC.

15. Plaintiff realleges and reaffirms the paragraphs above as if fully set forth herein, word-by-word and paragraph-by-paragraph.

16. While employed by the staffing company, Aerotek, Inc. and assigned to Dematic Corp., Plaintiff Fouad Kawass experienced comments and/or conduct which had the effect of creating a hostile work environment based upon his race, national origin and/or religion.

17. Fouad Kawass was subject to comments while employed at Dematic regarding his national background/race/religion. These comments included, but were not necessarily limited to, being subject to a comment from an Engineer named Robert who said at a lunch with other people from the company present, that Robert had been told while he was in Iraq that "you guys f…k goats". The engineer Richard Olmstead, who functioned as Mr. Kawass' supervisor/manager on-site was present when the comment was made. Fouad Kawass was also subject to a discussion by co-employees regarding the war in Iraq. Fouad Kawass was also subject to a comment from Brian McConnell of Dematic, when Mr. Kawass told him it had taken him awhile to find a job, to the effect of "do you know why it's been taking you so long, it's because you're Arab. I know how Americans think because they watch TV." Fouad Kawass was also advised by his supervisor, Richard Olmstead, to be careful talking with women at the customer worksite because he might have a racist supervisor and that to be on the safe side he should just be professional.

18. Dematic Corp. exercised control over Mr. Kawass' job and under a control and/or under an economic realities test functioned as a dual employer of Fouad Kawass along with Aerotek, Inc.

19. In addition to the comments set forth above, Fouad Kawass was also subject to conduct based upon his national origin/race/religion including, but not necessarily limited to, not being given direction or training in how to perform his job.

20. The comments and/or conduct more fully described above were sufficiently severe and/or pervasive to have the effect of creating a hostile work environment which impacted Fouad Kawass' ability to do his job.

21. Plaintiff Fouad Kawass' employment was terminated under circumstances making it more plausible than not that the termination of his employment was in violation of the Michigan Civil Rights Act, including, but not necessarily limited to the comments and conduct which he was subject to while employed by Dematic which demonstrated a hostile attitude on the part of Dematic towards Mr. Kawass based upon his national origin/race/religion and the fact that Mr. Kawass was not offered the supervision and training necessary for him to succeed and the fact that the reasons offered by Dematic for terminating his assignment/employment were pretextual.

22. As a result of the actions by Defendants in violation of the Michigan Civil Rights Act, Fouad Kawass sustained damages including, but not necessarily limited to, being subject to discipline, loss of reputation, termination, loss of back wages, loss of front wages, loss of opportunity for advancement and/or promotion, emotional distress, embarrassment, humiliation, exemplary damages, etc.

WHEREFORE, Plaintiff Fouad Kawass respectfully requests this Honorable Court award him all damages allowed under the Michigan Civil Rights Act including, but not necessarily limited to, economic damages, loss of back pay, loss of future pay, loss of benefits, loss of civil service status, non-economic damages, damages for loss of reputation, damages for embarrassment, humiliation and/or emotional distress, consequential damages, incidental damages, exemplary damages, punitive damages, costs, interest and attorney's fees.

## COUNT II

## VIOLATION OF TITLE VII

23. Plaintiff realleges and reaffirms the paragraphs above as if fully set forth herein, word-by-word and paragraph by paragraph.

24. While employed by the staffing company, Aerotek, Inc. and assigned to Dematic Corp., Plaintiff Fouad Kawass experienced comments and/or conduct which had the effect of creating a hostile work environment based upon his race, national origin and/or religion.

25. Fouad Kawass was subject to comments while employed at Dematic regarding his national background/race/religion. These comments included, but were not necessarily limited to, being subject to a comment from an Engineer named Robert who said at a lunch with other people from the company present, that Robert had been told while he was in Iraq that "you guys f…k goats". The engineer Richard Olmstead, who functioned as Mr. Kawass' supervisor/manager on-site was present when the comment was made. Fouad Kawass was also subject to a discussion by co-employees regarding the war in Iraq. Fouad Kawass was also subject to a comment from Brian McConnell of Dematic, when Mr. Kawass told him it had taken him awhile to find a job, to the effect of "do you know why it's been taking you so long, it's because you're Arab. I know how Americans think because they watch TV." Fouad Kawass was also advised by his supervisor, Richard Olmstead, to be careful talking with women at the customer worksite because he might have a racist supervisor and that to be on the safe side he should just be professional.

26. Dematic Corp. exercised control over Mr. Kawass' job and under a control and/or under an economic realities test functioned as a dual employer of Fouad Kawass along with Aerotek, Inc.

27. In addition to the comments set forth above, Fouad Kawass was also subject to conduct based upon his national origin/race/religion including, but not necessarily limited to, not being given direction or training in how to perform his job.

28. The comments and/or conduct more fully described above were sufficiently severe and/or pervasive to have the effect of creating a hostile work environment which impacted Fouad Kawass' ability to do his job.

29. Plaintiff Fouad Kawass' employment was terminated under circumstances making it more plausible than not that the termination of his employment was in violation of Title VII, including, but not necessarily limited to the comments and conduct which he was subject to while employed by Dematic which demonstrated a hostile attitude on the part of Dematic towards Mr. Kawass based upon his national origin/race/religion and the fact that Mr. Kawass was not offered the supervision and training necessary for him to succeed and the fact that the reasons offered by Dematic for terminating his assignment/employment were pretextual.

30. As a result of the actions by Defendants in violation of Title VII, Fouad Kawass sustained damages including, but not necessarily limited to, being subject to discipline, loss of reputation, termination, loss of back wages, loss of front wages, loss of opportunity for advancement and/or promotion, emotional distress, embarrassment, humiliation, exemplary damages, etc.

WHEREFORE, Plaintiff Fouad Kawass respectfully requests this Honorable Court award him all damages allowed under the Title VII including, but not necessarily limited to, economic damages, loss of back pay, loss of future pay, loss of benefits, loss of civil service status, non-economic damages, damages for loss of reputation, damages for embarrassment, humiliation and/or emotional

distress, consequential damages, incidental damages, exemplary damages, punitive damages, costs, interest and attorney's fees.

## COUNT III

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff realleges and reaffirms the paragraphs above as if fully set forth herein, word-by-word and paragraph by paragraph.

32. Plaintiff Fouad Kawass has medical conditions qualifying as disabilities, including issues with his eyesight and an injury to his head sustained at the jobsite. These disabilities have the effect of substantially limiting one or more important life functions. The employer, Dematic, was aware of Fouad Kawass' vision issues and was aware that he had sustained a head injury at the jobsite. Mr. Kawass requested to take December 18, 2018 off in order to be able to see his doctor, and his employment was terminated on that date.

33. It is more plausible than not that the termination of Fouad Kawass' employment was based, in whole or in part, upon his disability(ies).

34. Plaintiff Fouad Kawass engaged in protected activities under the Act, including, but not necessarily limited to, requesting to be able to take a day off to see his doctor.

35. As a result of the defendants' violations of the Act, Plaintiff has sustained damages, including, but not necessarily limited to, loss of earnings, loss of benefits, loss of career opportunities, emotional and physical distress, legal expenses, back wages and front wages, etc.

WHEREFORE Plaintiff Fouad Kawass respectfully requests this Honorable Court enter a judgment in his favor and award him all damages allowed against Defendants under the Americans With Disabilities Act including, but not necessarily limited to, damages to compensation him for loss

of income, loss of benefits, loss of opportunities for career advancement, emotional distress, humiliation, outrage, pain and suffering, costs, interest, and attorney's fees.

## COUNT IV

## BREACH OF CONTRACT

36. Plaintiff realleges and reaffirms the paragraphs above as if fully set forth herein, word-by-word and paragraph by paragraph.

37. Defendants promised to pay Fouad Kawass expenses which he reasonably incurred while on assignment, but failed to do so. This was an agreement constituting a contract on the part of Aerotek and/or Dematic to Mr. Kawass.

38. Aerotek and/or Dematic breached their agreement with Mr. Kawass by failing to pay expenses as promised.

39. As a result of the breach of the agreement by Aerotek and/or Dematic, Fouad Kawass has sustained damages.

WHEREFORE Plaintiff Fouad Kawass respectfully requests this Honorable Court enter a judgment against Defendants Dematic Corp. and/or Aerotek, Inc. for all amounts due and owing in unreimbursed expenses, as well as costs, interest and attorney's fees.

Respectfully Submitted,
THE CORTESE LAW FIRM, PLC

/s/Nanette L. Cortese
Nanette L. Cortese (P43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 593-6933 / (248) 593-7933
ncortese@thecorteselawfirm.com

Dated:

## **JURY DEMAND**

NOW COMES Plaintiff, Fouad Kawass, by and through his attorneys, The Cortese Law Firm, PLC, and hereby respectfully demands a trail by jury on all issues allowed by law.

                                              Respectfully Submitted,
                                              THE CORTESE LAW FIRM, PLC

                                              /s/Nanette L. Cortese
                                              Nanette L. Cortese (P43049)
                                              Attorney for Plaintiff
                                              30200 Telegraph Road, Suite 400
                                              Bingham Farms, MI 48025
                                              (248) 593-6933 / (248) 593-7933
                                              ncortese@thecorteselawfirm.com

Dated: